12/28/2020
1:45 pm
1571

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20-019797

WARREN DARLOW,

    Plaintiff,

v.

THE CITY OF CORAL SPRINGS and
FRANK BABINEC (individually),

    Defendant.
_____/

**EXHIBIT A**

## SUMMONS IN A CIVIL CASE

**TO: FRANK BABINEC**

9500 WEST SAMPLE RD
CORAL SPRINGS, FL 33065

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
319 CLEMATIS STREET, STE. 606
WEST PALM BEACH, FL 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOV 25 2020
_____
CLERK                                  DATE

(BY) DEPUTY
**BRENDA D. FORMAN**        1

12/28/2020
1:45PM
1571

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20-019797

WARREN DARLOW,

    Plaintiff,

v.

THE CITY OF CORAL SPRINGS and
FRANK BABINEC (individually),

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: THE CITY OF CORAL SPRINGS,** through its Mayor:

    SCOTT BROOK
    9500 WEST SAMPLE RD
    CORAL SPRINGS, FL 33065

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    319 CLEMATIS STREET, STE. 606
    WEST PALM BEACH, FL 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

    NOV 25 2020
_____  _____
CLERK                          DATE

(BY) _____

**BRENDA D. FORMAN**

1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

**WARREN DARLOW,**

    **Plaintiff,**

v.

**THE CITY OF CORAL SPRINGS and
FRANK BABINEC (individually),**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Warren Darlow, ("Plaintiff"), by and through his undersigned counsel, sues Defendants, THE CITY OF CORAL SPRINGS and FRANK BABINEC (individually) and seeks damages against the Defendants and any other and further relief this Court deems just and proper. Plaintiff states as follows:

### PARTIES

1. Plaintiff is a resident of Broward County, Florida.

2. Defendant City Manager, in his official capacity, is a subdivision of the State of Florida and has the ability to sue and be sued in his own name.

3. Defendant Babinec is the City Manager of Coral Springs, Florida, is the final decision maker with regard to his office and is responsible for the policies for and conduct of the employees within his office.

## VENUE AND JURISDICATION

4. Venue is proper in the United States District Court in the Southern District of Florida, because all material acts alleged in this cause of action occurred in Broward County, and the cause of action occurred in Broward County.

5. This is an action for damages, attorneys' fees and costs.

6. This action is brought under 42 U.S.C. §1983:

> Every person who, under color or any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

7. This Court has original jurisdiction under 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution of the United States; to award damages as provided under 28 U.S.C. §1343; and to address the deprivation, under color or law, of any right, privilege or immunity secured by the United States Constitution.

8. All condition precedent to filing this action have occurred, accrued, or have been waived as a matter of law.

## COMMON ALLEGATIONS

9. Plaintiff began working for Defendant in or around December 2017.

10. Plaintiff worked as a Humane Officer and he had Animal Control duties.

11. Plaintiff was in a private Facebook Group where members posted memes.

12. Plaintiff posted a meme in this private group. The meme was of George Floyd with pink skin.

13. Plaintiff was making a satirical comment on the current political climate due George Floyd's death.

14. A complaint was made to the Deputy Chief by "Plaintiff's friend" regarding the picture.

15. Plaintiff called his friend and asked his friend why he would report Plaintiff.

16. Plaintiff's friend claimed that he did not report Plaintiff.

17. Plaintiff's friend and Plaintiff called I.T. and discovered that Plaintiff's friend's account was hacked. The hacker hacked Plaintiff's friend's account and took a screenshot of Plaintiff's post.

18. Following this, on or about August 13, 2020, Plaintiff got called into Deputy Chief's office. The Deputy Chief told Plaintiff that he was terminated. The Deputy Chief claimed he and the city attorney were offended by the post.

19. Plaintiff asked if the deputy chief cared that the information was obtained illegally. The Deputy Chief said no.

### COUNT I – 42 U.S.C. §1983
### (Against Frank Babineck)

Plaintiff, by and through his undersigned counsel, sues Defendant Babinec, in his individual capacity and in support states the following:

20. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant Babinec, individually.

21. Plaintiff realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

22. Plaintiff has the right under the Constitution of the United States to speak freely on matter of public concern.

23. On or about August 26, 2020, Defendant Babinec, individually, and under the color of law terminated Plaintiff from his position with Coral Springs Police Department as a result of the Post.

24. Defendant Babinec terminated Plaintiff's employment solely because Plaintiff exercising his First Amendment rights.

25. The primary, obvious, and sole purpose of the termination of Plaintiff's employment was to deprive and infringe upon Plaintiff's constitutional rights. Plaintiff was terminated from his employment and deprived of his right under the First Amendment of the United States Constitution.

26. Defendant Babinec knew that his actions would deprive Plaintiff of his constitutional rights and Defendant Babinec proceeded with the unlawful action with willful disregard of the consequences of his actions.

27. Defendant Babinec undertook the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of Defendant Babinec violated those clearly established constitutional rights, belonging to Plaintiff, of which every reasonable member of the public or governmental entity should have known.

28. Defendant Babinec's actions have directly and proximately caused Plaintiff to suffer damages, including mental suffering, the physical and emotional aspects of which continue to this day and are likely to continue in the future. Plaintiff has also lost income from his position as Humane Officer and has suffered other damages associated with the violation of his constitutional rights, which exist to this day. The damage to Plaintiff is likely to continue into the future.

29. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from Defendant Babinec a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to exercise jurisdiction over this cause and over the parties to this action, enter an award of damages against Defendant Babinec, in his individual capacity, and award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and all other applicable laws. Further, Plaintiff seeks an award of punitive damages to punish Defendant Babinec, in his individual capacity, for his conduct so as to deter him and other from such future conduct.

## COUNT II – 42 U.S.C. §1983
## (Against The City of Coral Springs)

Plaintiff, by and through his undersigned counsel, sues Defendant, THE CITY OF CORAL SPRINGS, and in support states the following:

30. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant Clerk.
31. Plaintiff realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.
32. Plaintiff has the right to exercise free speech under First Amendment of the Constitution of the United States to speak freely on matter of public concern.
33. Plaintiff has the right to be free from violations of his constitutional rights.
34. On or about August 26, 2020, Defendant acting in the scope of his employment, and under the color of law, deprived Plaintiff of his rights under the First Amendment of the United States Constitution and in that, without justification, he unlawfully terminated

Plaintiff from his employment with Defendant THE CITY OF CORAL SPRINGS on account of the Post.

35. At all relevant times, Defendant THE CITY OF CORAL SPRINGS has a custom and policy that permitted and directed the termination of Plaintiff. Defendant City Manager is the final decision maker and has full authority to make policy and procedure and take final acts on employment decision, including hiring and firing, as he did here.

36. Defendant THE CITY OF CORAL SPRINGS, through his final decision maker, directly, and under the color of law, not only directed, approved, ratified, but ordered the unlawful and deliberate termination of Plaintiff.

37. Defendant THE CITY OF CORAL SPRINGS' actions have directly and proximately caused Plaintiff to suffer damages, including mental suffering, the physical and emotional aspects of which continue to this day and are likely to continue in the future. Plaintiff has also lost income from his position as Humane Officer and has suffered other damages associated with the violation of his constitutional rights, which exist to this day. The damage to Plaintiff is likely to continue into the future.

38. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from Defendant THE CITY OF CORAL SPRINGS a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to exercise jurisdiction over this cause and over the parties to this action, enter an award of damages against Defendant THE CITY OF CORAL SPRINGS, and award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and all other applicable laws.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury on all issues so triable.

Dated: November 23, 2020

Respectfully submitted,

/s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar No.: 115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel. (305) 416-5000
Fax: (305) 416-5005