UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:21-cv-60083

WARREN DARLOW,

    Plaintiff,

v.

CITY OF CORAL SPRINGS, and
FRANK BABINEC,

    Defendants.
    _____/

**DEFENDANT, CITY OF CORAL SPRINGS' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Defendant, CITY OF CORAL SPRINGS ("City"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves for the entry of an Order dismissing the Amended Complaint (DE 24), filed by the Plaintiff, WARREN DARLOW, with prejudice, and states:

**I.   Introduction**

1. Plaintiff alleges that he was terminated from his employment as a humane officer performing animal control duties at the City. DE 24, ¶¶ 13, 21. Specifically, the City terminated Plaintiff after he posted a racist "meme" in a Facebook group. DE 24, ¶ 15. Plaintiff's meme depicted "George Floyd with pink skin." DE 24, ¶ 15. According to Plaintiff, he was "making a satirical comment on the current political climate due to George Floyd's death." DE 24, ¶ 16. Subsequently, the City received a complaint from an individual who observed the post. DE 24, ¶ 17. The Deputy Chief then told Plaintiff that his employment was terminated and that both the Deputy Chief and the City Attorney were "offended by the post." DE 24, ¶ 21.

2.       Plaintiff sued the City and City Manager Babinec under 42 U.S.C. §1983 for alleged violations of his right to free speech as guaranteed by the First Amendment to the United States Constitution (Counts I and II).

3.       The Complaint fails to state a claim against the City for a violation of the First Amendment because the Complaint fails to demonstrate that the purported violations were caused by a long-standing custom on the part of the City of violating an individual's First Amendment rights.

## II.      Memorandum of Law - No Viable First Amendment Claim

### A.      First Amendment Claims, Generally

A citizen who enters public service "must accept certain limitations on his freedom[s]," *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S.Ct. 1951, 1958, 164 L.Ed.2d 689 (2006). Generally, a "state employer can not retaliate against a state employee for engaging in speech constitutionally protected under the First Amendment." *Stanley v. City of Dalton*, 219 F.3d 1280, 1288 (11th Cir. 2000) (citing *Rankin v. McPherson*, 483 U.S. 378, 383, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987)). But in determining what speech is protected, "the state has an interest as an employer in regulating the speech of its employees and attempts to balance the competing interests of the public employee and the state." *Id*. (citing *Rankin*, 483 U.S. at 384, 107 S.Ct. at 2896–97; *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968)).

In order to properly balance these competing interests, courts engage in a two-step inquiry:

> First, we consider whether Plaintiff's speech was made as a citizen and whether it implicated a matter of public concern. If this first threshold requirement is satisfied, we then weigh Plaintiff's First Amendment interests against the City's interest in regulating his speech to promote the efficiency of the public services it performs through its employees. **The above two issues are questions of law that are decided by the court**. The court's resolution determines whether Plaintiff's speech is protected by the First Amendment.

*Moss v. City of Pembroke Pines*, 782 F.3d 613, 617–18 (11th Cir. 2015) (citations and quotations omitted; emphasis added). For purposes of this motion only and based on the Court's prior ruling[1] on the Defendants' motion to dismiss, the City will not re-address either step in this Motion.

### B. No unconstitutional policy or custom

Even if Plaintiff can satisfy both steps of the inquiry, the § 1983 claim against the City remains fatally defective. The City can only be liable under § 1983 "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury..." of which Plaintiff complains. *Monell v. Dep't. of Social Services, etc.*, 436 U.S. 658, 691 (1978); *Mercado v. City of Orlando*, 407 F.3d 1152 (11th Cir. 2005); *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a "custom," Plaintiff must allege facts establishing an unconstitutional practice so widespread that, "although not authorized by written law or express municipal policy," it is "so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so "long-standing and widespread," that it can be "deemed authorized by the policy-making officials because they must have known about it but failed to stop it." *Id*.

A failure to prevent an isolated incident, however, cannot be deemed tacit approval. "Random or isolated incidents are insufficient to establish a custom or policy." *Depew v. City of St. Mary's*, 787 F. 2d 1496, 1499 (11th Cir. 1986); *Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

---

[1] In its Order, the Court indicated it was "hard-pressed to find that a post concerning George Floyd's death and the events that ensued does not touch on a subject of public concern;" that "the facts that bear on the *Pickering* balancing inquiry are sparse," and that "it was advisable to defer the *Pickering* inquiry to the summary judgment phase of the proceedings." DE 22, pp. 7-8.

In its prior Order, the Court granted the City's motion to dismiss on this basis and stated:

> Here, to support municipal liability, Plaintiff alleges that the City "has a custom and policy that permitted and directed the termination of Plaintiff." Compl. ¶ 35. Plaintiff also avers that "Defendant City Manager is the final decision maker and has full authority to make policy and procedure and take final acts on employment decision[s], including firing and hiring, as he did here," and that the City "through his final decision maker, directly, and under the color of law, not only directed, approved, ratified, but ordered the unlawful and deliberate termination of Plaintiff." *Id*. ¶¶ 35-36. These allegations are wholly conclusory and therefore insufficient to withstand dismissal of Count II against the City. *See McCants v. City of Mobile*, 752 F. App'x 744, 748 (11th Cir. 2018) (affirming dismissal of claims against city because plaintiffs "fail to support their municipal liability claims with anything other than 'a formulaic recitation of the elements of the cause of action.'") (quoting *Iqbal*, 556 U.S. at 678); *AHE Realty Assoc., LLC v. Miami-Dade Cty., Fla.*, 320 F. Supp. 3d 1322, 1339 (S.D. Fla. 2018) (dismissing § 1983 claim against county where Plaintiff merely made conclusory allegations that public official was a final decision maker and did not cite any state or local statute or ordinance supporting that allegation); *Coakley v. City of Hollywood*, No. 19-62328, 2021 WL 2018914, at *3 (S.D. Fla. Jan. 15, 2021), report and recommendation adopted, No. 19-62328, 2021 WL 2012360 (S.D. Fla. May 20, 2021) (finding Plaintiff's allegations insufficient to satisfy *Monell* in light of the *Iqbal/Twombly* pleading requirements because the complaint "fails to identify any formal policy or to include any nonconclusory allegations regarding any unofficial policy or custom that may be at issue.").

DE 22, pp. 9-10.

Plaintiff made **zero** changes to those defective allegations. **No** new facts were added related to the City's purported custom and policy. The allegations remain entirely "conclusory." DE 22, p. 10. The Complaint should be dismissed, with prejudice.

WHEREFORE, Defendants, CITY OF CORAL SPRINGS, respectfully requests the entry of an Order dismissing Plaintiff's Complaint, with prejudice, and for such other relief as the Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   */s/Christopher J. Stearns*
E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Johnson@jambg.com
Young@jambg.com
stearns@jambg.com
lit-assistant@jambg.com

## SERVICE LIST

**RAINIER REGUEIRO, ESQ.**
REMER & GEORGES-PIERRE, PLLC
**Attorney for Plaintiff**
44 W Flagler St Ste 2200
Miami, FL 33130-6807
rregueiro@rgpattorneys.com
(305) 416-5000 (Phone)

**E. BRUCE JOHNSON, ESQ.**
**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com
stearns@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)