UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-60083-RAR

**WARREN DARLOW**,

    Plaintiff,

v.

**CITY OF CORAL SPRINGS**, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT WITH PREJUDICE

**THIS CAUSE** comes before the Court upon Defendant City of Coral Springs' Motion to Dismiss Amended Complaint with Prejudice and Supporting Memorandum of Law [ECF No. 25] ("Second Motion to Dismiss"). Having reviewed the Motion, Plaintiff's Response [ECF No. 33], Defendants' Reply [ECF No. 38], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

### BACKGROUND

Plaintiff worked for the City of Coral Springs as a Humane Officer with "Animal Control duties." *See* Am. Compl. [ECF No. 24] ¶ 13. Following the death of George Floyd in the early summer of 2020, Plaintiff posted a meme in a private Facebook group that depicted George Floyd with pink skin. *Id.* ¶¶ 15–16. Plaintiff alleges that he was "making a satirical comment on the current political climate due [to] George Floyd's death." *Id.* ¶ 16. According to the Complaint, someone hacked Plaintiff's friend's account and took a screenshot of the post, which was subsequently reported to "the Deputy Chief." *Id.* ¶¶ 17-20. On or about August 26, 2020, Plaintiff got called into the Deputy Sheriff's office, where the Deputy Chief told Plaintiff he was terminated

because the Deputy Chief and city attorney were offended by the post. *Id.* ¶ 21. Plaintiff subsequently requested a hearing before Chief of Police Perry and City Manager Frank Babineck. *Id.* ¶ 23. During the hearing, Perry and Babineck asked Plaintiff questions concerning the social media policy of the city and department. Ultimately, Babineck upheld the termination. *Id.* ¶ 24.

Plaintiff then filed this case against Defendants City of Coral Springs and Frank Babineck, the City Manager, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Compl. at 1. The case was removed to this Court on January 15, 2021 [ECF No. 1] and Plaintiff filed an Amended Complaint on August 20, 2021. *See* Am. Compl. Plaintiff's Amended Complaint pleads two counts under 42 U.S.C. § 1983—one against Babineck in his individual capacity (Count I) and one against the City (Count II)—for violations of Plaintiff's First Amendment rights. *Id.* at 4–7.

The Court previously granted in part and denied in part Plaintiff's First Motion to Dismiss [ECF No. 4] ("First Motion to Dismiss") under Fed. R. Civ. P. 12(b)(6) [ECF No. 22] ("Order"). In their First Motion to Dismiss, Defendants argued that Plaintiff's speech did not touch on a matter of public concern and was therefore not protected by the First Amendment. *See* First Mot. to Dismiss at 2. Defendants further maintained that Babineck is entitled to qualified immunity and the City is immune from suit because the Complaint failed to demonstrate that the alleged violations resulted from a long-standing custom by the City of violating individuals' First Amendment rights. *Id.*

As to Count I against Babineck, the Court found that although he spoke as a private citizen on a matter of public concern, the Court was compelled to defer its determination of qualified immunity under *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). *See* First Mot. to Dismiss at 7-8. Specifically, the Court held the Complaint did not present sufficient facts to assess the weight

of Defendants' side of the *Pickering* balancing test, which requires a court to engage in a balancing of public and private interests to determine whether the speech of a public employee is constitutionally protected.

Although the Court denied the First Motion to Dismiss as to Count I, it granted the same as to Count II against the City. Specifically, the Court found that Plaintiff had failed to establish municipal liability under § 1983 given the Complaint's wholly conclusory allegations regarding a "custom and policy" purportedly implemented by the City Manager in his role as "final decision maker" to order the "unlawful and deliberate termination of Plaintiff." *See* Order at 9-10 (citing *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991); *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 637 (11th Cir. 1991)). The Court provided Plaintiff an opportunity to amend his Complaint to state a proper claim for municipal liability under Count II.

Plaintiff proceeded to file an Amended Complaint and Defendant City responded with a Second Motion to Dismiss on August 24, 2021. In its Second Motion to Dismiss, Defendant argues that Plaintiff has once again failed to state a claim against the City because the Amended Complaint does not establish that the purported violations were caused by a long-standing custom or policy of violating First Amendment rights. Second Mot. to Dismiss at 2.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*,

693 F.3d 1333, 1335 (11th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted); *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, "[a] court is generally limited to reviewing what is within the four corners of the complaint." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)). This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss."). A court may also "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," meaning the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Further, "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document provided it meets the centrality requirement[.]" *Id.*

## **ANALYSIS**

To establish municipal liability under § 1983, a plaintiff must show that execution of the municipality's policy or custom caused the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694-95 (1978); *see also Brown*, 923 F.2d at 1479 ("It is well established that a municipality may be held liable under § 1983 only when the deprivation at

issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*."). In *Pembaur v. City of Cincinnati*, the Supreme Court articulated the following three-part test for determining when a single act of a municipal officer subjects the municipality to liability under § 1983: "(1) acts which the municipality officially sanctioned or ordered; (2) acts of municipal officers with final policy-making authority as defined by state law; and (3) actions taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area." *Manor Healthcare Corp.*, 929 F.2d at 637 (citing *Pembaur v. City of Cincinn*ati, 475 U.S. 469, 480-83 & n.12 (1986)).

The Court in *Pembaur* also made clear that "[t]he fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." 475 U.S. at 481-82. Rather, "municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* at 481. In other words, for a municipality to be held liable, it is not enough that the official who inflicted the constitutional injury possess final authority to act on behalf of the municipality. Instead, that official must "also be responsible for *establishing final government policy respecting such activity* before a municipality can be held liable." *Manor Healthcare Corp.*, 929 F.2d at 637 (citing *Pembaur*, 475 U.S. at 481-82) (internal quotations omitted) (emphasis added); *see also Quinn v. Monroe*, 330 F.3d 1320, 1326 (11th Cir. 2003) ("The 'final policymaker' inquiry addresses who takes actions that may cause the municipality [here, Defendant City of Coral Springs] to be held liable for a custom or policy.").

The Court, in its previous Order, found that Plaintiff's allegations were conclusory and thus insufficient to withstand dismissal of Court II of the Complaint. Plaintiff's Amended

Complaint fares no better. Despite being given leave to amend, Plaintiff wholly fails to correct the deficiencies previously identified by the Court. *See* Order at 10. In fact, as correctly noted by Defendant, Plaintiff made zero changes to the defective allegations identified by the Court. *Compare* Am. Compl. ¶¶ 40-41 *with* Compl. ¶¶ 35-36.

Once again, in an effort to establish municipal liability, Plaintiff nebulously alleges that the City "has a custom and policy that permitted and directed the termination of plaintiff." Am. Compl. ¶ 40. Presumably, this policy is somehow related to purported violations of the First Amendment. *Id.* at 39. But beyond these two scant and conclusory paragraphs in the Amended Complaint, no additional factual allegations regarding said "custom and policy" are provided. Without more, the Amended Complaint warrants dismissal on this basis alone. *See McCants v. City of Mobile*, 752 F. App'x 744, 748 (11th Cir. 2018) (affirming dismissal of claims against city because plaintiffs "fail to support their municipal liability claims with anything other than 'a formulaic recitation of the elements of the cause of action.'") (quoting *Iqbal*, 556 U.S. at 678); *Coakley v. City of Hollywood*, No. 19-62328, 2021 WL 2018914, at *3 (S.D. Fla. Jan. 15, 2021), report and recommendation adopted, No. 19-62328, 2021 WL 2012360 (S.D. Fla. May 20, 2021) (finding Plaintiff's allegations insufficient to satisfy *Monell* in light of *Iqbal*/*Twombly* pleading requirements because the complaint "fails to identify any formal policy or to include any nonconclusory allegations regarding any unofficial policy or custom that may be at issue.").

Perhaps presuming that the factual allegations in the Amended Complaint sufficiently set forth an unofficial policy or custom, Plaintiff focuses instead on bolstering his conclusory allegations that Defendant Babineck is a final policymaker for purposes of establishing municipal liability. *See AHE Realty Assoc., LLC v. Miami-Dade Cty., Fla.*, 320 F. Supp. 3d 1322, 1339 (S.D. Fla. 2018) (dismissing § 1983 claim against county where Plaintiff merely made conclusory

allegations that public official was a final decisionmaker and did not cite any state or local statute or ordinance supporting that allegation). But Plaintiff does not correct this conclusory allegation in his Amended Complaint by providing additional facts.[1] Instead, he attaches two documents to his Response to Defendant's Second Motion to Dismiss: (i) a City of Coral Springs Organizational Chart ("Chart") and (ii) a copy of Section 5.04 of the Coral Springs, Florida Code of Ordinances ("Code") [ECF Nos. 33-1, 33-2]. Defendant maintains these documents establish that Defendant Babineck, as the City Manager of Coral Springs, was a final decisionmaker for the City and responsible for the municipal policy underlying employment actions. *See* Resp. at 2.

As a threshold matter, the Court is not inclined to consider the documents submitted by Plaintiff as exhibits to his Response as they are not referenced anywhere in his Amended Complaint. A district court may consider documents outside the four corners of the pleadings on a motion to dismiss "[u]nder the doctrine of incorporation by reference," if the documents "are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (citing *Horsley*, 304 F.3d at 1134). Here, neither the Chart nor the Code are referred to in Plaintiff's Amended Complaint—nor are they attached to the Second Motion to Dismiss filed by Defendant. *See generally*, Am. Compl.; Second Mot. to Dismiss.

Even if the Court were to consider the supplemental documents filed by Plaintiff, the § 1983 claim against the City of Coral Springs remains fatally defective. In fact, the Chart and Code show that Defendant does not have the final policy making authority needed to establish

---

[1] For example, Plaintiff fails to elucidate *which* policy or custom is at issue—specifically, whether policies regarding the termination of City employees form the basis for municipal liability or the City's social media policy runs afoul of the First Amendment. Without knowing the policy at issue, the Court is unable to determine the nature of Babineck's final policymaking authority.

municipal liability. To determine whether Defendant is a final policymaker, the Court must assess whether (1) as a matter of state law, the official is responsible for making policy in the area of municipal business at issue here; and (2) whether the official's authority to make policy in the area is final and unreviewable. *See City of St. Louis v. Prapotnick*, 485 U.S. 112, 124-127 (1998). "[T]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. *Rather, the delegation must be such that the subordinate's discretionary decisions* are not constrained by official policies and *are not subject to review*." *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997) (quoting *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989)) (emphasis added) (citations omitted). Because both conditions must be met, when one condition fails, the Court cannot find municipal liability.

Plaintiff avers that the Chart and Code support his allegation that "Defendant [Babineck] is the final decision maker and has full authority to make policy and procedure [in regards to employment decisions] and take final acts on employment decisions." Am. Comp. ¶¶ 40-41. However, per the Chart, City Manager Babineck reports directly to the City Commission. [ECF No. 33-1]. Thus, given that Babineck's decisions are reviewable by the City Commission, his authority as a policymaker is not final in nature. *Id*. As for the Code, it similarly fails to establish that Babineck is the final policymaker on employment issues. The City Manager's statutory duties are listed as follows:

> (a) See that the laws and ordinances are enforced.
> (b) Appoint and remove, except as otherwise provided, all subordinate officers and employees.
> (c) Exercise control over all departments that may be created by the Commission.
> (d) Attend all meetings of the Commission with the right to take part in the discussion but having no vote.
> (e) Recommend to the Commission for adoption, such measures as the City Manager may deem necessary or expedient.

>> (f) Keep the Commission fully advised as to the financial condition of the city.
>> (g) Perform such other duties as may be required of him by ordinance or resolution of the Commission.

City of Coral Springs, FL, Code of Ordinances ("Code") Article V § 5.04. As highlighted by Defendant, these code sections merely establish that Babineck has the power to see that the laws and ordinances are enforced and the power to appoint and remove all subordinate officers and employees—*except as otherwise provided*. *See* Reply at 4. "Except as otherwise provided" supports Defendant's contention that Babineck's authority is reviewable and nonfinal—especially when one looks elsewhere in the Code. *See id*.

Indeed, the limits on Babineck's authority are evident when one looks to Article V § 5.01 of the Code, which states that "[t]he City Commission shall appoint a City Manager who shall be the administrative head of government *under the direction and supervision of the City Commission*, and who shall hold office at the pleasure of the City Commission." City of Coral Springs, FL, Code of Ordinances Article V § 5.01 (emphasis added).[2] Accordingly, the City Manager is responsible for enforcing the laws and ordinances (in other words, the policy) set forth by the Commission. This hierarchical structure makes clear that Babineck lacks the final policymaking authority needed to establish § 1983 municipal liability. *See Scala*, 116 F.3d at 1399 (explaining that the 11th Circuit has "interpreted *Monell*'s policy or custom requirement to preclude § 1983 municipal liability for a subordinate official's decisions when the final policymaker delegates decisionmaking discretion to the subordinate, but retains power to review the exercise of that discretion."); *see also Carter v. City of Melbourne, Fla.*, 731 F.3d 1161, 1167

---

[2] To be clear, Plaintiff did not attach Article V § 5.01 of the Code to its exhibits. However, at the Motion to Dismiss stage, the Court may take judicial notice of public records that are not subject to reasonable dispute and whose accuracy cannot be questioned. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *see also* Fed. R. Evid. 201(b).

(11th Cir. 2013) ("Our 'Court's decisions have consistently recognized and given effect to the principle that a municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful administrative review.'") (quoting *Morro v. City of Birmingham*, 117 F.3d 508, 514 (11th Cir. 1997)).

Ultimately, Plaintiff's conclusory allegations regarding municipal liability do not supply any facts—and therefore do not satisfy *Monell* or *Twombly*. *See Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 707 (11th Cir. 2011) ("[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff cannot establish—even if his improperly attached documents are considered—that the City Manager possessed final policymaking authority so as to subject the City to municipal liability under § 1983. And the Court is not bound to accept as true Plaintiff's legal conclusions regarding a purported "policy and custom" involving First Amendment violations—conclusions wholly unsupported by any factual development in the Amended Complaint. *S. Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("[C]onclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.").

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [ECF No. 25] is **GRANTED.**

2. Count II of the Complaint is **DISMISSED *with prejudice***. The Court finds that granting leave to amend the Complaint a *second* time would be futile. By electing not to amend any of the allegations in his original Complaint when given an opportunity to do so, Plaintiff has failed to indicate what additional facts he would set forth in support of his municipal liability claim—much less how any such facts would establish a § 1983 cause of action. Further, additional

leave to amend cannot cure the City Manager's lack of final policymaking authority. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

    **DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**